## Case No. 5,218.

### GARDENER v. WAGNER et al.

[Baldw. 454.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1830.

[1] [Reported by Hon. Henry Baldwin, Circuit Judge.]

Mr. Wheeler, for complainant.

Mr. Kittera, for respondents.

Mr. Wheeler, in reply.

HOPKINSON, District Judge. The question in this case arises on the following devise in the will of Jacob Wagner. After giving certain lots to his son Jacob, and a house and lot to his two eldest daughters Elizabeth and Mary, the testator devises as follows: "Unto my daughter Grace, my two houses and lots, situate in German street, in the district of Southwark, she permitting, at the same time, her mother Grace, to occupy and dwell in the better of them, for and during her natural life." The mother of the devisee is now dead; and the devisee sets forth in her bill of complaint, "that she (the devisee) came of age on the —— day of October 1800; since which time, until her decease, which took place on the 1st of March 1829, the said Grace Wagner (her mother), under colour of right, under the first clause of the said Jacob, the father's will, as above recited, claimed and received the rents, issues and profits of the easternmost house, and deforced the complainant of the said house, without ever residing in the said house or either of them at all." The bill prays for a decree, ordering the executors of the said Grace Wagner deceased, to "file an account, stating what rents, issues and profits the said Grace Wagner received from the said house, and disclose what estate she left," and that the estate which she left may be made liable for the payment of the claim of the complainant; and that the said executors may be compelled to pay her the net amount of the rents, issues and profits received from the said house.

We must observe, that other houses and lots than those above mentioned are given and devised to other children of the testator; and after all, there is the following clause in the will, "excepting always, nevertheless, that my wife Grace Wagner receive one-third part of the rents and profits issuing out of all and every the aforesaid estates, for and during the space of her natural life; and also that she receive the whole and all of the rents and profits issuing out of each child's estate, until such child shall have arrived at the age of twenty-one years, and in lieu of her dower." To this bill the defendant has demurred, which, together with an agreement of the parties, submits the question to the court, whether, on the facts stated, and the true construction of the will of Jacob Wagner, the complainant is entitled to the relief she prays for. The rules adopted, in equity and at law, for the interpretation of wills, are well settled, and entirely consistent with justice and common sense.

We must look for the intention of the testator in the particular clause in question; at the same time taking into our view the whole instrument, with a reasonable endeavour to give meaning and effect to every part of it. In this case the inquiry is, whether the permission, enjoined upon Grace, the daughter, and attached to her legacy of two houses, to be given to her mother to occupy and dwell in the better of them, is a grant of the beneficial interest in the house to the mother during her life, so that she might, at her pleasure, either occupy and dwell in it herself, or give the occupancy to another, and receive in lieu of it, the rents and profits it would produce; or whether it is to be taken strictly as a permission to her to reside in the house, and to be entitled to no other use or enjoyment of it.

We first look at the terms of the grant—the expressions which the testator has chosen to manifest his intention. The houses are devised, in fee, to his daughter; but it is a condition, or rather an appendage to the gift, that she shall permit her mother to occupy and dwell in the better of them. There seems to be no ambiguity here. If the testator had used only the word "occupy," which signifies "to possess," the uncertainty would have been greater; but he adds, as if explanatory of his meaning, "and dwell." To dwell, is to inhabit; to live in a place; to reside; to have a habitation. It is then as if the testator had said, "she permitting her mother to live in the house—to have a habitation there." Could there have been any doubt if these terms had been used? The defendant is entirely conscious that this is the proper meaning of the clause as it stands in the will, and endeavours to avoid it by changing the phraseology, and turning "and" into "or;" or rather by expunging the one and introducing the other into its place. But what right have we to do this? It is true it may be done when it is necessary to carry into effect the clear and manifest intention of the testator. How does this necessity appear here? There is nothing incongruous or unreasonable in the plain and ordinary interpretation of the words as they now stand. To say that the intention was different, would be to go directly in opposition to the language he has adopted to express his intention—indeed it would be to assume the very matter that is in controversy.

In looking to other parts of this will, we not only find them in full accordance with this construction of the clause in question, but truly not reconcilable with any other. After making all the devises we have mentioned of houses and lots to his children, the testator limits the fullness of these gifts by excepting that his "wife, Grace Wagner, receive one third part of the rents and profits issuing out of all and every the aforesaid estates for and during the space of her natural life." This provision includes the two houses given to his daughter Grace, now in

question. What do we collect to be the clear and consistent meaning of the testator from both clauses in his will? What was his design? Assuredly this: my wife shall have a third part of the rents and profits of all and every part of my real estate; but, as to one of the houses, if she shall choose to live or dwell in it, she shall be permitted so to do, and, in this manner, have the whole use or enjoyment of it; but if she shall decline this permission or privilege, then the offer of it becomes inefficacious, and she must resort to the other part of the will which gives her one-third of the rents of all and every of the houses and lots before devised to the children. She may take or reject the permission or privilege as it is offered, but she cannot alter or enlarge it. The construction contended for by the respondents would make the testator say, as to the house in question, that he gives his wife all the rents and profits issuing from it, or one-third of them, at her option, which is incongruous and absurd. To say to her, you may live in a certain house, or take one-third of the rents and profits it may produce, is intelligible; but to say, you may take all the rents, or one-third of them, at your election, is senseless, or so nearly so that it should not be imputed to a sane testator, if we can escape from it.

On the 26th of December, 1831, this cause came on for hearing on bill of demurrer and plea, and the court, after hearing the arguments of counsel, do award and decree, that the defendants account for the rents, issues and profits received by the said Grace Wagner from the house mentioned in the complainant's bill, subject to the payments and expenditures made by her for repairs or otherwise in relation to the same. And they further direct, that it be referred to the master to report an account to this court, provided, however, that said account shall not extend back beyond six years from the filing of the bill.